Mr. Justice McWilliams
dissenting:
In an original proceeding instituted in this Court, said proceeding being described as one in the nature of mandamus, certiorari and habeas corpus, Shanks sought the issuance of a “show cause” order commanding the district court of the First Judicial District and the Honorable Christian D. Stoner, one of the Judges thereof, “to vacate his order denying . . . [Shanks’] Motion for Bail and to show cause why . . . [Shanks] should be held without bail being set and for an order setting bail in the reasonable amount of ten thousand dollars ($10,000.00).”
This Court issued such a “show cause” order and the respondents in due time filed an “Answer to Show Cause Order Issued Herein.”
Because of the nature of this proceeding, i.e., an original proceeding, this Court in my view should now either command that the writ heretofore issued be made permanent or order that the rule be discharged and the petition dismissed. The majority does not take either of these alternative courses of action, but chooses to “remand” the cause to the trial court with directions to vacate its order heretofore entered denying Shanks’ Motion for Bail and directing the trial court to then conduct a hearing “on the question of whether, with reference to the guilt of the accused, the proof is evident or the presumption great.” I hold such disposition to be procedurally improper, inasmuch as this being an origi *341 nal proceeding in this Court there is nothing before us to “remand” to the trial court.
In his petition filed in this Court, Shanks makes no complaint that he has not been afforded a hearing by the trial court in connection with this Motion for Bail. Rather, it is his position that “at the hearing on . . . [Shanks’] Motion for Bail, the district attorney for the First Judicial District, who was under subpoena to testify for . . . [Shanks] admitted, rather than take the stand, that there was no direct evidence in existence at the present time against . . . Sam Shanks and that he did not have a confession or the statement of an eye witness, and that the case was solely a circumstantial evidence case.” (Emphasis supplied.)
Shanks was apparently completely satisfied with this so-called “admission” from the district attorney, and voluntarily chose to rest his right to bail on this admission. At least he makes no contention here that “at the hearing” he was precluded from offering any other matter of an evidentiary nature in support of his motion.
The only issue posed by this original proceeding is succinctly stated by Shanks himself when he declares in his petition that he “established his right to bail through the admission of the district attorney ... in open court that no direct evidence exists.” In my view Shanks did not “establish his right to bail through the admission of the district attorney . . . that no direct evidence exists,” such admission, standing alone, being legally insufficient to overcome the presumption raised by the filing of the information. Hence, I would discharge the rule and dismiss the petition.
Also inherent in the majority opinion, as I understand it, is the strong intimation that where a defendant, charged with a “capital offense,” files a motion for Bond, there then somehow devolves upon the trial court a duty to “investigate” and otherwise take the initiative in determining whether there exists the right to bond. Mr. Justice Pringle in his specially concurring opinion *342 declares that “when the accused seeks bail and challenges the determination made by the court to deny bail on the basis of the information alone, it becomes the duty of the Court to determine for itself whether the proof is evident or the presumption great ” And Mr. Chief Justice Frantz in his specially concurring opinion goes further and declares that “the burden of satisfying the trial court that a given situation falls within the exception is upon the one seeking denial of bail.”
With all of this, I am also in disagreement. True, in People v. Spinuzzi, 149 Colo. 391, 369 P. (2d) 427, it was stated “that it is the duty of the Court to determine for itself these matters [right to bail in a capital offense] in each case,” but this language does not mean that the Court, rather than the accused, has the burden of going forward. In my view, the quoted language merely means that the trial court is the forum where the motion to set bail shall be heard, and once the hearing is held then the trial court does have the “duty to determine,” on the basis of the record before it.
To elaborate, I would subscribe to the following:
1. In Colorado, one accused of murder in the first degree is not “bailable . . . when the proof is evident or the presumption great”;
2. The filing of an information, or the return of a grand jury indictment, charging murder in the first degree, does itself create a “strong presumption . . . that the prisoner is not entitled to bail” and is the authority for the trial court to refuse to set bail in the first instance;
3. This presumption is rebuttable, not conclusive, and one charged with murder in the first degree and held without bail may apply for the setting of reasonable bail and he has the burden of proving his right to bail.
In support of these several propositions I, too, direct attention to In re Losasso, 15 Colo. 163, 24 Pac. 1080, where it is said:
“When life is suspended in the balance the temptation *343 to avoid trial is, in most instances, peculiarly great; and a release upon bail should not be permitted, unless the court feels clear that the constitutional exception does, not apply. The indictment creates a strong presumption that the prisoner is guilty of the higher crime and not entitled to bail. The burden of overcoming this presumption [that the prisoner is guilty of the higher crime and not entitled to bail] is cast upon him [i.e. the prisoner].”
To me this language is quite clear and easily understood, and declares that the defendant, not the People acting through the district attorney — let alone the trial court itself (!), has “the burden of overcoming the presumption” and thus establishing that he (the-prisoner) is entitled to bail.
In my judgment this clear mandate is neither expressly nor impliedly negated by any other language-appearing in In re Losasso, supra.
Similarly in 8 C.J.S. Bail, § 34 (3), appears the following:
“In some jurisdictions, an indictment or information for a capital offense is no evidence that accused is guilty in a degree that would bar the allowance of bail as of right, that is, it raises no presumption that the proof is evident or the presumption great. Hence, the state-must bear the burden of establishing that the offense is not bailable as of right, or of showing that the proof of guilt is evident or a presumption thereof great, or that the offense is of a character that would call for capital punishment, and accused cannot ordinarily be denied bail unless the state establishes these issues.
“On the other hand, it is the rule in many jurisdictions that the finding of an indictment or the filing of an information in a capital case makes out a prima facie case of guilt against accused, that is, it raises the presumption that the proof of guilt is evident and the presumption thereof great. Thus, on an application for release on bail, applicant has the burden of showing that he-is entitled thereto; which, obviously casts on him the *344 burden of proof, either to overcome the presumption of guilt arising from the indictment, or establishing that the proof of his guilt is not evident and the presumption not great ” (Emphasis supplied.)